Fred Earl **JAMESION**, Petitioner,

v.

Raymond **ROBERTS**, et al., Respondents.

No. 90–3045–S.

United States District Court, D. Kansas.

March 20, 1992.

Fred Earl Jamesion, pro se.

John K. Bork, Office of Atty. Gen., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted in 1985 of one count of aggravated robbery and three counts of kidnapping. Petitioner was sentenced to three concurrent terms of fifteen (15) years to life for the kidnappings and one consecutive term of fifteen (15) years to life for the aggravated robbery. The sentence for the aggravated robbery was later modified to a term of not less than five (5) nor more than twenty (20) years.

Petitioner appealed his conviction to the Kansas Supreme Court. Prior to oral argument, petitioner received permission to amend his brief to include issues not presented by appointed counsel. The record is unclear, but it appears petitioner did not amend his brief and the only issue raised on appeal was sufficiency of the evidence. The court affirmed his conviction.

On April 22, 1987, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising six grounds, including the sufficiency of the evidence claim. The petition was dismissed without prejudice because petitioner had failed to exhaust his state court remedies. The record is unclear whether petitioner filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit.

On May 10, 1988, petitioner filed a post-conviction motion pursuant to K.S.A. 60–1507 raising the same grounds he raised in his federal habeas action and adding a claim of ineffective assistance of counsel. The state district court found that all issues had been previously decided by the Kansas Supreme Court, the United States District Court and the Tenth Circuit Court of Appeals and denied the petition in a journal entry dated June 6, 1988.

On October 17, 1988, petitioner filed a notice of appeal presumably to appeal the June 6, 1988 order. On April 25, 1989, the Kansas Court of Appeals dismissed the appeal as untimely. Thereafter, on June 14, 1989, petitioner filed a second motion pursuant to K.S.A. 60–1507 alleging the same seven grounds alleged in the first motion and three additional grounds. The district court denied the motion finding the issues had been previously addressed and dismissed for lack of jurisdiction.

On June 26, 1989, petitioner again filed a notice of appeal with the district court, but the record fails to show the appeal was ever docketed with the Kansas Court of Appeals.

On February 8, 1990, petitioner instituted the present action alleging the same grounds as his previous petitions.

Having reviewed the record in this matter, the court makes the following findings and order.

*Discussion*

Petitioner is in a difficult position and one from which he may be unable to be extricated. Technically, petitioner has been before both the district and appellate courts of Kansas as is required before he comes before the federal bench. In reality, the issues that petitioner has raised before this court have never been decided on the merits before any Kansas court. In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), a petitioner must present the issues raised in the federal habeas action to the Kansas courts, either by direct appeal or by post-conviction process. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Although petitioner attempted to present the issues to the Kansas courts, he was never successful and no Kansas court has ever addressed the merits of petitioner's claims.

In addition, petitioner has already filed two successive post-conviction motions in the state courts. K.S.A. 60–1507(c) provides:

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

Given the clearly stated position of the state district court when it denied petitioner's second petition, there is no reason to believe that the court would exercise its discretion and entertain a third petition. By failing to follow the state's procedure for post-conviction relief, it appears that petitioner is barred from ever presenting the merits of his claims to the state courts. When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless petitioner can demonstrate cause and actual prejudice. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This case presents no such showing.

IT IS THEREFORE BY THE COURT ORDERED that this action is hereby dismissed, with prejudice, and all relief denied.